UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHADDY WHITTAKER,

    Plaintiff,

v.                                                Case No. 5:16-cv-596-Oc-40PRL

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER

Plaintiff, a federal inmate acting *pro se*, initiated this case by filing a civil rights complaint alleging constitutional violations[1] by individual federal actors in connection with an injury to his right hand. (Doc. 1.) The defendants moved to dismiss and/or for summary judgment (Docs. 16, 18), and their motions were granted without prejudice to any claim Plaintiff may have under the Federal Tort Claims Act (FTCA) for medical malpractice. (Doc. 34); 28 U.S.C. §§ 2671, 1346(b).

Plaintiff filed an Amended Complaint against the United States, pursuant to the FTCA, on April 2, 2018. (Doc. 39.) The United States filed its Answer on April 17, 2018. (Doc. 40.) After a period of discovery, the United States moved for summary judgment. (Doc. 50.) Plaintiff filed his response in opposition on April 24, 2019. (Docs. 57, 58.) This

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

matter is ripe for review. For the reasons discussed below, the United States' Motion for Summary Judgment (Doc. 50) is due to be granted.

### A. Plaintiff's Complaint

Plaintiff alleges that on January 12, 2015, while incarcerated at FCC Coleman Low, he injured his hand after a fall. He states that his right hand was fractured with weak bone fragments. Plaintiff alleges that medical staff at Coleman Low were negligent by not treating the fracture in a timely manner, and this resulted in a "healing displacement." (Doc. 39, p. 5.) For relief, Plaintiff seeks $400,000 in damages, costs, and an injunction compelling Coleman Low to revise its medical treatment policies. (*Id.*)

### B. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In applying the standard for summary judgment, the Court must review all of the evidence "in the light most favorable to the nonmoving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must

go "beyond the pleadings, [and show] that there exist genuine issues of material fact." *Anderson*, 477 U.S. at 249.

### C. United States' Motion for Summary Judgment (Doc. 50)

The United States has moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in its favor. The United States contends that summary judgment is appropriate because: (1) Plaintiff failed to timely file his administrative claim; and (2) the undisputed material facts show that Plaintiff has failed to retain a medical expert to offer standard of care opinions as required by Florida law in a medical malpractice case. In support of its motion, the United States attaches:

- *Exhibit 1*: Plaintiff's Inmate Data

- *Exhibit 2*: Declaration of Dr. Leonor Bonnet-Engebretson, Acting Clinical Director at FCC Coleman, as to Plaintiff's course of treatment

- *Exhibit 3*: Plaintiff's Medical Records

- *Exhibit 4*: Declaration and Certification of Records by Jeanie Register, Legal Assistant at FCC Coleman, as to Plaintiff's administrative tort claim

(Doc. 50.)

In response, Plaintiff contends that the FTCA time-bar should be equitably tolled and that he does not need to offer an expert opinion in support of his medical malpractice claim. (Doc. 57.) Plaintiff has also submitted an affidavit dated May 8, 2019, executed by the Plaintiff, where he attests that he injured his hand on January 12, 2015; he did not see

a doctor until January 16, 2015; by the time he saw an orthopedic specialist on February 23, 2015, the fracture had healed at an angle. (Doc. 58.)

### D. Discussion

*1. Timeliness*

First, the United States contends that Plaintiff's claim is time-barred because it was presented more than two years after it accrued. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ." 28 U.S.C. § 2401(b). "[A] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999) (internal quotations omitted).

It is undisputed that Plaintiff injured his hand on January 12, 2015, and that on February 27, 2015, orthopedic specialist Dr. Gloria Chin told Plaintiff that there was significant displacement in the healing of the fracture, and that it may be weaker because the bone apposition is less than if it had healed in a more reduced position. (Doc. 50, Exh. 3, pp. 93-94; Doc. 58.) Accordingly, by February 27, 2015, Plaintiff should have been aware of both his injury and its connection the acts of the medical providers at Coleman. Therefore, his administrative tort claim would have had to be presented to the Bureau of

4

Prisons no later than February 23, 2017, to fall within the two-year deadline. *See* 28 U.S.C. § 2401(b).

Plaintiff's administrative tort claim regarding the incident was signed January 7, 2017 but not received by the BOP until June 7, 2017. (Doc. 50, Exh. 4) (showing BOP Regional Counsel's Office date stamp of June 7, 2017). Plaintiff's administrative tort claim, received June 7, 2017, was not presented within the statutory limitations period of two years. His claim was due February 23, 2017, but was not presented until **104 days later**, on June 7, 2017.

Plaintiff makes a general assertion that he is entitled to equitable tolling, arguing that because he timely filed the present lawsuit in September 2016, he should be able to avoid the FTCA statute of limitations. (Doc. 57.) In *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), the Supreme Court held that the FTCA time limitations were non-jurisdictional and therefore subject to equitable tolling. However, equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Arce v. Georgia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citations omitted). It is appropriate only where a plaintiff can show that he untimely filed because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013).

Plaintiff has not demonstrated that his circumstances were so extraordinary as to warrant equitable tolling. Nor is there any legal support for his argument that his

5

administrative tort claim should somehow "relate back" to the filing of the present lawsuit. Plaintiff's FTCA claim is due to be dismissed as time-barred.

*2. Expert Testimony*

Even if Plaintiff could overcome the statute of limitations bar, the United States is still due to be granted summary judgment in its favor. Plaintiff's medical malpractice claim pursuant to the FTCA is governed by Florida law, as he alleges that medical providers at FCC Coleman, located in Florida, were negligent. *See* 28 U.S.C. § 1346(b)(1) (liability under the FTCA for "personal injury caused by the negligent or wrongful act or omission of any employee of the Government" is determined "in accordance with the law of the place where the act or omission occurred.") In order to prove medical malpractice in Florida, "the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." Fla. Stat. § 766.102(1). Generally, the standard of care in medical malpractice cases is established through expert testimony. *Pate v. Threlkel*, 661 So. 2d 278, 281 (Fla. 1995); *Torres v. Sullivan*, 903 So. 2d 1064, 1068 (Fla. 2d DCA 2005).

In response to the motion for summary judgment, Plaintiff has offered no expert testimony as to the prevailing professional standard of care, and instead argues only that his claim can be resolved without expert testimony because he is only challenging the exercise of common sense and ordinary judgment. (Doc. 57.) Plaintiff relies primarily

on a 1959 Florida Supreme Court case, *Atkins v. Humes*, 110 So. 2d 663 (Fla. 1959), for the proposition that expert testimony is not required. However, that case is factually distinguishable---there was extensive testimony by physicians tending to show that there was evidence of malpractice. In the present case, there is no testimony of such kind.

To the contrary, the Government has offered the declaration of FCC Coleman Acting Clinical Director Dr. Leonor Bonnet-Engebretson, who attests that there is no record that Plaintiff properly sought medical relief prior to January 16, 2015; that when he was seen by medical providers he was x-rayed and then transported to an outside hospital that day for treatment; that hospital staff splinted the finger but did not recommend surgery; that during a follow up on January 20, 2015, Coleman medical staff ordered new x-rays and ordered an orthopedic specialist consultation; and that Plaintiff did not return to the medical department with any complaints related to his hand prior to be seeing by Dr. Chin on February 23, 2015. (Doc. 50, Exh. 2.) Dr. Bonnet-Engrebetson opined that the care provided to Plaintiff "was within the Bureau of Prisons Clinical Practice Guidelines, based on evidence based medicine, and comparable to community standards." (*Id.* at ¶ 9.) Plaintiff has offered nothing to contradict this declaration other than his own conclusory assertions.

Accordingly, because Plaintiff has not supported each element of his medical malpractice claim with expert testimony, the United States is entitled to summary judgment. *See Lambert v. United States*, 198 Fed. Appx. 835, 839 (11th Cir. 2006) (affirming

district court's dismissal of FTCA medical malpractice claim where plaintiff did not submit expert medical testimony prior to trial); *Rushing v. United States*, 288 Fed. Appx. 616, 620 (11th Cir. 2008) (affirming a grant of summary judgment where plaintiff did not prove his FTCA medical malpractice claim through the use of expert testimony); *Moore v. Guzman*, 362 Fed. Appx. 50, 54 (11th Cir. 2010) (same); *Cagle v. United States*, 738 Fed. Appx. 633, 639-40 (11th Cir. 2018) (same).[2]

### E. Conclusion

It is hereby **ORDERED** that the United States' Motion for Summary Judgment (Doc. 50) is **GRANTED**. The **Clerk** is directed to enter judgment in favor of the Defendant, terminate any pending motions, and close the case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of August 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
SA: OCAP-2

---

[2] Unpublished opinions of the court of appeals are not binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2 and I.O.P. 7; Fed. R. App. P. 32.1.